NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 26 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MANUEL VAQUERA-OVIEDO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.   20-70936
      21-70233

Agency No. A200-898-128

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 5, 2026
Phoenix, Arizona

Before:  BERZON, CALLAHAN, and FRIEDLAND, Circuit Judges.

Manuel Vaquera-Oviedo, a native and citizen of Mexico, petitions for

review of two decisions of the Board of Immigration Appeals ("BIA"): (1)

affirming the denial by the immigration judge ("IJ") of his application for

cancellation of removal, and (2) denying his motion to reopen removal

proceedings.  We have jurisdiction under 8 U.S.C. § 1252 and deny both petitions.

1.      To demonstrate eligibility for cancellation of removal, a petitioner

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

must establish "that removal would result in exceptional and extremely unusual hardship to [the petitioner's] spouse, parent, or child," who is a U.S. citizen or lawful permanent resident. 8 U.S.C. § 1229b(b)(1)(D). The hardship must "deviate, in the extreme, from the norm." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1006 (9th Cir. 2025). We apply the "highly deferential" substantial evidence standard of review to the agency's application of the statutory hardship standard to the facts. *Id.* at 1002. Where, as here, the BIA adopted and affirmed the IJ's decision pursuant to *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), we "review the IJ's order as if it were the BIA's." *Chuen Piu Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011).

Substantial evidence supports the agency's determination that Vaquera-Oviedo failed to demonstrate exceptional and extremely unusual hardship to his five United States citizen children. The IJ expressly considered evidence that several of the children had medical or educational issues, including asthma, scoliosis, and speech or learning difficulties. The IJ did not dispute the existence of those conditions but concluded that, even in the aggregate, they were not so severe as to create a level of expected hardship exceeding that ordinarily expected from removal of a parent. Further, the IJ appropriately considered record evidence that the children would remain in the United States with their mother and would continue to have access to medical care. That makes this case unlike *Matter of*

2

*Recinas*, 23 I. & N. Dec. 467 (BIA 2002), where the qualifying relatives were "entirely dependent" on the petitioner, a single mother, and would join petitioner in Mexico if she were removed. *Id.* at 471.

2.    We review the BIA's denial of a motion to reopen for abuse of discretion. *Perez-Camacho v. Garland*, 54 F.4th 597, 603 (9th Cir. 2022).

The BIA denied reopening after concluding that Vaquera-Oviedo's newly submitted evidence, which indicated that he had moved out of the communal household and assumed primary caregiving responsibilities, was unlikely to change the result of the hardship determination. In doing so, the BIA analyzed whether the new evidence "would likely change the result" of the proceedings, applying the standard articulated by the agency in *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992). The parties agree that the agency should have instead analyzed whether the new evidence established a "reasonable likelihood" of eligibility, a standard that places a lighter burden on the petitioner. *See Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1179, 1183 (9th Cir. 2023).

However, remand is unnecessary in those "narrow circumstances where . . . the law dictates the outcome that the agency must reach" under the correct standard. *Park v. Garland*, 72 F.4th 965, 978 (9th Cir. 2023) (citation modified). Here, the IJ's original hardship determination rested on multiple independent factual findings, including that the children would remain in the

3

United States with their mother, would continue to have access to medical care, and would not be left without adequate financial or caregiving support if Vaquera-Oviedo were removed. The new evidence submitted with the motion to reopen did not undermine those findings. The record before the BIA continued to reflect the mother's active involvement in the children's lives, including in educational and medical matters, and it did not demonstrate that she or other family members would be unable to care for the children in Vaquera-Oviedo's absence.

Viewed in light of the high statutory hardship standard, nothing in the new evidence could plausibly prompt the BIA to conclude that there was even a reasonable likelihood that the result of the exceptional and extremely unusual hardship analysis would be different. Rather, because the relevant facts have not changed in any way pertinent to the hardship determination, this is the rare case in which the law essentially "dictates the outcome that the agency must reach"—that is, the same result it reached before. *Id.* Remand would therefore be an "idle and useless formality." *Id.* (citation modified).

**PETITIONS FOR REVIEW DENIED.**[1]

---

[1] The motion for a stay of removal, Dkt. No. 1, is denied.